## W. M. SEAWELL, RESPONDENT, *v.* D. COHN, APPELLANT.

A sues B, and attaches his goods. C, for the purpose of releasing the goods, entered into a bond conditioned to pay to plaintiff, on demand, any judgment he may recover against B. The attorneys of A and B adjust the amount due from B to A, and enter into a written stipulation that judgment may be entered up in Court in favor of A for the amount due, with a promise that if B pays half the amount in thirty days, he may have sixty days to pay the balance. The judgment is entered up for the amount found due to A, but there is no order of Court in regard to staying execution either for thirty or sixty days. *Held*, this arrangement did not discharge the surety on the bond given to release the property attached.

APPEAL from a judgment of the District Court of the Ninth Judicial District, Esmeralda County, Hon. S. H. CHASE presiding.

The facts are stated in the Opinion.

*J. H. Hardy* and *Boring & Brown*, for Appellant.

The appellant was only a surety or guarantor. The bond given should be held merely as a statutory undertaking to release property under attachment. (Parsons on Contracts, Vol. II, pp. 67–8; *McWilliams* v. *Dana*, 18 Cal. 339.)

*W. M. Seawell*, for Respondent.

The answer does not show that the execution was stayed by the stipulation between attorneys entered into when judgment was rendered. The fact, not being stated in the answer, cannot otherwise be made available. (See *Bartlett* v. *Crozier*, 17 John. 457, and *Barrow* v. *Frink*, California case not yet reported.)

The bond was an original and not collateral undertaking. (*Palmer* v. *Vance*, 13 Cal. 553 and 558 ; *Tissot* v. *Darling*, 9 Cal. 278 ; *Aud* v. *Magruder*, 10 Cal. 282 ; Parsons on Contracts, Vol. II, page 69.)

Opinion by BEATTY, J., full Bench concurring.

In the spring of 1864, J. A. Brimhall brought suit against the Durand Mill & Mining Company for $850, and sued out a writ of attachment, which was levied on the goods of defendant.

To procure the release of these goods, D. Cohn and Solomon Ashim · executed an undertaking which, after reciting the attachment, etc., concludes as follows :

" Now, therefore, we, the undersigned, do hereby undertake, jointly and severally, in the sum of one thousand dollars, to the effect that we will, on demand, pay to the plaintiff the amount of any judgment that may be recovered in favor of said plaintiff in above action and costs of suit—not exceeding the said sum of one thousand dollars ($1,000).

" Sealed with our seals.

" Dated this 23d day of April, A.D. 1864.

" D. COHN,        [Seal]<br>" SOLOMON ASHIM, [Seal]."

In the month of July, 1864, judgment was rendered in favor of Brimhall for seven hundred and fifty-one dollars and costs of suit. This judgment was never satisfied, and Brimhall assigned the undertaking, which was given for release of goods attached, to the present plaintiff, who instituted this action.

The defense made to the action is, that Brimhall, after Cohn and Ashim had executed the undertaking, extended the time of payment to the Durand Mill & Mining Company without consulting them.

The portion of the answer setting up this defense, so far as it re-

lates to extension of time, and which it is material to notice, is as follows :

That, on the 5th day of July, 1864, and subsequent to the execution of said undertaking, the said J. A. Brimhall, for a valuable consideration, made and entered into a stipulation with said Durand Mill & Mining Company, extending the time of payment of the judgment in said action sixty days, of which the following is a copy :

" In the District Court of the Second Judicial District, Esmeralda County, Nevada Territory.—*J. A. Brimhall*, plaintiff, v. *Durand Mill & Mining Company*, defendant.   It is hereby stipulated and agreed by and between the above named plaintiff and the above named defendant, that plaintiff do have and recover judgment against said defendant in this action, for the sum of seven hundred and fifty-one dollars, and costs of suit ; and that said judgment specify that the whole amount thereof be paid in United States gold coin.

" It is further agreed by said plaintiff, that plaintiff will stay execution upon said judgment for sixty (60) days from the date hereof ; provided, that the defendant will, within thirty (30) days from this date, pay to plaintiff the one-half of the amount of said judgment.

" T. M. PAWLING,
" Attorney for Defendant.
" W. M. SEAWELL,
" Attorney for Plaintiff.

" Aurora, July 5, 1864."

This answer was demurred to and the demurrer sustained.   The defendant declined to answer further, and judgment was rendered for plaintiff.   The defendant appeals, and the only question raised is, whether the execution of this instrument by the attorneys in the case of *J. A. Brimhall* v. *The Durand Mill & Mining Company* operated as a release of Cohn & Ashim.

Appellant relies on the general proposition that extension of time to a principal without the assent of his surety exonerates the surety.

It has been frequently held in the case of guarantors of promissory notes that where the payee extends the time of payment, and so binds himself by a legal and valid contract that he cannot proceed to the collection of the note until the expiration of the time

mentioned in the new contract, this releases the guarantor, unless he has either expressly or by implication sanctioned the new contract for extension of time.

But whether the obligors in a bond given for the release of goods seized under attachment would stand in the same position, is not so well settled. These obligations are direct and positive obligations (at least such is the form of this undertaking) to pay any judgment that may be rendered against the party whose goods have been attached. Upon the rendition of the judgment, the parties to the undertaking might undoubtedly pay the same, and take steps against the judgment debtor, without any regard to any stipulations he may have made with the judgment creditor.

This would seem to be the view of a similar case taken by the Supreme Court of California. (See *Palmer et al.* v. *Vance et al.*, 13 Cal. 553.)

On the other hand, we think, from the language used by Chief Justice Shaw, in delivering the opinion in the case of *Fulham* v. *Valentine*, (11 Pickering, 156) that he was perhaps of a contrary opinion.

But, whatever may be the rule in a case where the extension of time is made obligatory on the creditor, we do not think this case comes within the rule. The answer shows the signing of a certain agreement by the attorneys in the case, but this did not of itself operate necessarily as a stay of execution, for two reasons : First, the agreement is to stay the execution for sixty days, " provided, the defendant will, within thirty (30) days from this date, pay to the plaintiff the one-half of the amount of the said judgment."

Here there is an agreement to stay execution for sixty days " provided " something else is done within thirty days. There is no allegation that this other thing was done within the thirty days. Then, clearly, it does not appear plaintiff was bound to stay the execution for sixty days. Nor do we think he was even bound to stay it for thirty days. There is nothing to that effect in the agreement. As we interpret this instrument, it was in the discretion of plaintiff at any time to issue his execution, until the half of the debt was paid. If half the debt had been paid, then the defendants might have claimed the benefit of this contract. If paid before the issuance of execution, they might well have claimed that none should

be issued until the expiration of the sixty days after judgment. If paid after the issuance of the execution, the plaintiff would probably have been, at least morally, if not legally, bound to suspend any action under the execution until after the expiration of the stipulated period.   We think, then, that the agreement itself did not amount to an absolute extension of time.

But there is another objection to this agreement.   It was an agreement made in the progress of the trial by the attorneys.

Such agreements are proper enough in themselves, but if they are to affect the parties to the suit after the judgment is rendered, it seems to us they should be filed in the case, (there is no evidence this ever was filed) and enforced by the judgment or order of the Court. When parties agree, either by themselves or their attorneys, that a certain judgment shall be entered up, and that no execution is to be issued for a certain time on that judgment, the terms of that agreement should be incorporated in the judgment, or else in a sep-. arate and distinct order of Court.   Otherwise, we see nothing to prevent a party from violating such agreements.   In this case, suppose the defendants had paid half the judgment immediately after its rendition, and the plaintiff the very next day had demanded execution for the balance, we see no way he could have been prevented from getting it.   The clerk could not take notice of this paper, signed by the attorneys, but neither filed nor made the subject of any order of Court.   He must issue the execution when demanded. Possibly the Court might in such a case, on proper application, stay the execution for the sixty days, but we would  doubt the propriety of going behind the judgment even by the Court.

We refer to the case in 11 Pickering, just cited, for the effect and operation of such agreements when not acted on by the Court.

The judgment of the Court below must be affirmed, and it is so ordered.