THE COURT.
Defendants Brown, Poe and Stevens were convicted by jury of two counts each of trespass (Pen. Code, §§ 602, subd. (j), and 602, subd. (1)). The alleged offenses *Supp. 917 occurred on June 19, 1964, at the Hillerest Branch of the Bank of America. Defendants contend, among other things, that the criminal trespass statutes under which they were convicted are not applicable to the circumstances herein shown to exist. It is contended, first, that section 602, subdivision (j) does not apply to urban land occupied by a building which the public is entitled to enter.
Penal Code section 602, subdivision (j) provides as follows: “Every person who wilfully commits any trespass by either:

C (

“ (j) Entering any lands, whether unenclosed or enclosed by fence, for the purpose of injuring any property or property rights or with the intention of interfering with, obstructing, or injuring any lawful business or occupation carried on by the owner of such land, his agent or by the person in lawful possession; or . .
It is defendants’ position that the foregoing section deals only with unimproved lands. We conclude that the clear intention of the Legislature was to give to the term “any lands” its normal and generally accepted meaning, and to include within the phrase everything normally considered to fall within the scope of its general definition. In Webster’s Unabridged Dictionary the term land is defined as follows: “Land. Any ground, soil, or earth whatsoever, regarded as the subject of ownership, as meadows, pastures, woods, etc., and everything annexed to it, whether by nature, as trees, water, etc., or by man, as buildings, fences, etc., extending indefinitely vertically upwards and downwards. ’ ’
Black’s Law Dictionary includes the following definition: “Land includes not only the soil, but everything attached to it, whether attached by the course of nature, as trees, herbage, and water, or by the hand of man, as buildings and fences.”
See also subdivision 11 of Penal Code section 7, which provides that, “The words ‘real property’ are coextensive with lands, tenements, and hereditaments. ”
No reported case, so far as we have been able to find, has passed directly on the question here involved. However, numerous cases, by dictum or by implication, have treated section 602, subdivision (j) as including urban property (together with any buildings placed thereon).
In Hardyman v. Collins, 80 F.Supp. 501, Judge Yankwich, *Supp. 918 in dismissing a civil action brought under a federal statute dealing with conspiracies to interfere with civil rights, stated that although the alleged acts did not constitute a violation of the federal statute, they did amount to a violation of state trespass and related laws. At page 510 the court stated: “ So we have, at best, ... a series of acts . . . which, taking the statements of the amended complaint at their full value, amount to and are punishable under state law as disturbances of the peace, assault, trespass, and are actionable as such.” Penal Code section 602, subdivision (j) was cited in the appropriate footnote.
The United States Supreme Court, in affirming this decision, stated in Collins v. Hardyman, 341 U.S. 651, at pp. 662-663 [71 S.Ct. 937, 95 L.Ed. 1253]: “The facts alleged fall short of a conspiracy to alter, impair or deny equality of rights under the law, though they do show a lawless invasion of rights for which there are remedies in the law of California. ...” The facts set forth in the opinions make it clear that the alleged incidents which were involved occurred in a building within the City of La Crescenta.
In People v. Harris, 191 Cal.App.2d 754 [12 Cal.Rptr. 916], the District Court of Appeal, in determining that the offense of criminal trespass was not an offense necessarily included in the charge of burglary alleged in the information, based its decision on the fact that the intent charged in the information did not embrace the intent involved in section 602, subdivision (j). Although the case involved an entry into a theater building, the court made no reference to this fact as providing any additional exception to the application of Penal Code section 602, subdivision (j), vis-a-vis “lands.”
Similarly, in People v. Corlett, 67 Cal.App.2d 33 [153 P.2d 595, 964], the court, in rejecting defendant’s contention that the trial court should have given instructions that the victim involved in an assault was a trespasser, ruled that under the facts involved such victim was not a trespasser within the meaning of section 602, subdivision (j). Although the victim had entered a building (a bunkhouse), the ruling was not based on any premise that such did not come within the definition of “lands,” but was based solely on other grounds.
In Bouie v. Columbia, 378 U.S. 347 [84 S.Ct. 1697, 12 L.Ed.2d 894] (cited by defendants in another connection) a South Carolina statute was involved which provided in part as follows: “Every entry upon the lands of another where *Supp. 919 any horse, ... or any other livestock is pastured, or any other lands of another . . . shall be a misdemeanor. . . .” Although the convictions therein involved were reversed, the court makes no reference to the fact that the business buildings in which the alleged trespasses were involved did not fall within the meaning of the word “lands.” In fact the court said, at page 901 [12 L.Ed.2d] : “There was nothing in the statute to indicate that it also prohibited the different act of remaining on the premises after being asked to leave.” (Italics ours.) It is apparent that the Supreme Court felt that the word “lands” covered the premises involved (a lunch counter within a drug store).
Section 602, subdivision (j) prohibits the entry on any lands with the intention of interfering with or obstructing “any lawful business or occupation carried on by the owner. . . .” It seems clear that it was the intent of the Legislature to protect persons carrying on any business or occupation, whether within or without a building on the premises. Nothing in the wording of the section would indicate a desire to single out for protection only those owners carrying on a business on open unimproved lands. As the heading of the subdivision indicates, the primary intention was to prohibit the entering of lands with a “purpose to injure”.
Defendants contend that the section is not intended to apply to urban land occupied by a building, where the public is invited to enter. It is clear from the wording that the question of invitation is immaterial in this subdivision. The prohibited conduct is the entry with an improper purpose or intention. Nor is the section limited to “open” or “rural” lands, but on the contrary its scope is extended to “any” lands. If there had been an intention to restrict or limit the prohibition to unimproved lands it would have been a simple matter so to provide.
We conclude that the trial court properly instructed the jury that the word “lands” in section 602, subdivision (j), includes buildings and fixtures, and is synonymous with real property. We conclude further that such section is properly applicable to the circumstances shown to exist in this group of consolidated cases.
Section 602, subdivision (l) : Defendants next contend that section 602, subdivision (Z) by its very terms is not applicable where the entering of a building was with the *Supp. 920 express or implied consent of the owner. Such section provides in part:
“Every person who wilfully commits any trespass by either:

CC

‘ ‘ (?) Entering and occupying real property or structures of any kind without the consent of the owner. ...” (Italics added.)
It was stipulated that the bank’s premises were open to the public, including the defendants and their associates.
Respondent argues that section 602, subdivision (?) is applicable where the entry of a building was with the consent of the owner if the owner later withdraws his consent, and that following such withdrawal a person on the premises may become a trespasser. The cases cited for the proposition that an invitation may be withdrawn at any time (Rogers v. Duhart, 97 Cal. 500 [32 P. 570], and Riechhold v. Sommarstrom Inv. Co., 83 Cal.App. 173 [256 P. 592]) are both civil eases, and do not involve the issue of criminal trespass.
As noted above in our discussion of section 602, subdivision (j), the plain meaning of the words used in the statute should be followed. Section 602, subdivision (?) by its terms applies to “entering and occupying . . . without . . . consent. ...”
Recent enactments of the Legislature, such as Penal Code section 602.5 (1961) : “Every person . . . who enters or remains . . . without consent of the owner . . .” (italics ours) indicate that the distinction between the use of the word “and” and the word “or” was well understood by the framers of the legislation. Section 602.5 by its wording gives fair warning that either the act of entering or the act of remaining on certain premises without consent will constitute a trespass. Section 602, subdivision (?) gives no such warning. There is nothing in the wording of this statute to indicate that it makes criminal the act of occupying without the consent of the owner after an original entry by permission. As pointed out in Bouie v. Columbia (1964) 378 U.S. 347 [84 S.Ct. 1697, 12 L.Ed.2d 894] (a case involving a somewhat different type of statute) a criminal statute must give fair warning of the conduct which it prohibits. The court in pointing out that the South Carolina Supreme Court had fallen into error by relying on two earlier South Carolina eases, stated at page 902 [12 L.Ed.2d] : “. . . they had . . . nothing to do even with the general field of criminal trespass, involving instead the law of civil trespass—which *Supp. 921 has always been recognized, by the common law in general and by South Carolina law in particular, as a field quite distinct and separate from criminal trespass.” So, here, regardless of whatever civil rights the bank might have had in terminating the consent extended to defendants, it did not have the right, under this subdivision, to terminate such consent retroactively to constitute defendants’ acts a crime. Plaintiff’s instruction No. 38, which is to the contrary, was erroneous and should not have been given.
We conclude that the language of this subdivision will not permit the conclusion that it was intended to have any other than its ordinary acceptation, and that it requires proof that both the entry and occupancy be without the consent of the owner. Such proof being lacking, the convictions as to this subdivision must be reversed.
Defendants next contend that if section 602, subdivision (j) is held to be applicable upon the records here, then defendants have been deprived of rights secured to them by the United States and California Constitutions, and the federal Civil Rights Act of 1964. In the case of People v. Poe, post, p. 928 [47 Cal.Rptr. 670] (Case D), decided this day, we have concluded these issues adversely to the contentions now made. We have further upheld the act of the trial court in excluding evidence which was offered to prove that defendants believed that the bank had discriminated in its hiring practices.
Defendants have contended, in the various related cases, that the evidence was insufficient to support the verdicts. It is perhaps significant that no such argument was advanced as to case “A,” the instant case, insofar as section 602, subdivision (j) is concerned. The settled statement points out that defendants, after entering the bank, engaged in various transactions at the counters, such as coin changing, coin counting, etc., for a period of approximately two hours. These actions were for the general purpose of protesting the hiring practices of the Bank of America. Their conduct made it necessary for some of the customers to be serviced by tellers reaching over, around and between the demonstrators. The defendant Stevens testified that he intended to injure the bank and cause it to lose business. Although the defendants Brown and Poe denied that they intended to interfere with or obstruct the bank’s business, there was ample evidence to justify the jury’s conclusion to the contrary. The evidence clearly substantiated the jury’s ultimate conclusion that all three defendants entered the bank’s premises with *Supp. 922 the intention of interfering with or obstructing the lawful business of the bank, in violation of Penal Code section 602, subdivision (j).
Accordingly, the judgments as to count two are reversed, and all other judgments are affirmed.