THE COURT.
This case arises out of the same general factual situation that we examined at length in People v. Poe, post, p. 928 [47 Cal.Rptr. 670], Crim. No. 7617; Case D) and People v. Brown, ante, p. 915 [47 Cal.Rptr. 662] Crim. No. 7474; Case A), opinions filed this day. The defendants in this case have joined, with others, for a single appeal. We refer, therefore, to our decisions in Case D and in Case A as disposing of the appellants’ principal contentions here.
Appellants have additionally complained that the evidence produced in their trial was insufficient as a matter of law to support a verdict of guilty on any count.
The settled statement on appeal reflects that defendant Von Blum was present with other persons demonstrating at the El Cajon Boulevard Branch of Bank of America on June 26, 1964. While other demonstrators were “changing coins, cashing checks, making deposits, etc.”, this defendant opened an account with a deposit of $10. Defendant then went to the main branch of the bank and withdrew a portion of the $10. He then joined other demonstrators in the outside door entrance to the main branch, where he was observed to stand for at least 10 minutes prior to his arrest. The extent and effect of this “standing” has been recited in the principal opinions. Defendant testified, “that his deposit and withdrawal were symbols as a protest to the discriminatory 1 firing practices of the bank”. He denied any intent to interfere with or obstruct the bank’s business. He was personally served with a summons, complaint and temporary restraining order of the superior court (in a civil suit) about five minutes before his arrest. The officer serving the summons advised defendant he was being served with an order, and an officer of the bank advised defendant he was in violation of the restraining order prior to his arrest. Defendant *Supp. 924 Phillips accompanied defendant Von Blum in his activity during the afternoon and was herself served with a copy of the summons, complaint and restraining order about 20 minutes prior to her arrest. She did not testify.
There is competent evidence to support the finding of guilty as to (the remaining) counts, I and III. The power of this court reaches no further.
The trial judge in this case gave the appropriate instructions as to aiding and abetting, which support the verdicts, if no other support could be found, as to defendant Phillips.
With respect to the third count, willful disobedience of a court order, the trial judge instructed as follows: “You are instructed that if the defendants were personally served with a copy of the temporary restraining order, and thereafter wilfully violated the terms of the order, they are guilty of contempt. ’ ’
“It is charged that the defendants wilfully and knowingly disobeyed an order lawfully issued by a court. Wilful means not only a deliberate intent to disregard a court order but rather as an encompassing and indifferent disregard of the duty to obey. ’ ’
Prom our discussion on this subject in People v. Poe, post, p. 928 [47 Cal.Rptr. 670], (Case D), we conclude that the defendants suffered no prejudice from the trial judge’s view of the law.
The rulings on evidence and instructions with respect to the use to which the jury might put evidence of prior activity of the defendants were proper.
Judgments reversed as to Count II; affirmed as to Counts I and III.
The foregoing opinion was reaffirmed on rehearing, see People v. Von Blum, post, pp. 943, 945.