THE COURT.
This case arises out of the same general factual situation that we examined at length in People v. Poe, post, p. 928 [47 Cal.Rptr. 670] (Crim. No. 7617; Case D) and People v. Brown, ante, p. 915 [47 Cal.Rptr. 662] (Crim. No. 7474; Case A), opinions filed this day. The defendants in this ease have joined, with others, for a single appeal. We refer, therefore, to our decisions in Case D and in Case A as disposing of the appellants’ principal contentions here.
Appellants have additionally complained that the evidence produced in their trial was insufficient as a matter of law to convict either of them. The settled statement on appeal reflects that defendant Cawley was (on June 26) at one time at the lobby entrance doorway of the bank; and at another time “standing in the doorway leading to the lobby of the bank”. This defendant was arrested approximately 15 *Supp. 927 minutes after being served with the summons, complaint and restraining order, and after advice from a bank officer that he had been served with an order and was in violation of it. Defendant Brindley was briefly “in and near” the doorway to the bank; and one witness testified that she was “inside the building at the time of her arrest”. Brindley was arrested about 15 minutes after being served with the restraining order, and after advice from a bank officer that she had been so served and was in violation of the order. The record is silent on her use of that 15 minutes. It is not our function to weigh the evidence, if there is enough of significance to sustain the convictions. It is noted that neither defendant took the stand to testify, and the ordinary inferences may still be drawn from this fact. The trial judge properly instructed the jury to this effect.
There was no evidence apparent, however, as to defendant Brindley’s connection with the group of persons who were demonstrating about the bank, nor any evidence as to her participation in any improper activities inside bank premises. The films as to defendant Brindley at the branch bank only show her speaking to someone inside the bank, and later walking down the street in front of the bank. The films at the main office of the bank show her to be briefly near congested doorways, but not standing in a doorway. Prom our examination of the entire record, there is nothing—except some inferences from her remarks at the time of sentencing—that would distinguish defendant Brindley from any curious bystander whose discretion might have suggested more complete detachment from the scene.
Defendant Cawley’s posture in the events of June 26th, while not altogether without doubt, is still shown by some evidence, including the films, to have interfered with or obstructed the bank’s course of business. His intent in this respect could reasonably be deduced from his acts and the surrounding circumstances. This defendant was served with a copy of the restraining order (in the civil suit) at least 15 minutes prior to his arrest while he was standing in the lobby entrance doorway in the main branch. The films showed him still standing with other demonstrators in that doorway at another time.
The trial judge gave the following instruction with respect to Count III of the complaint: “You are instructed that in order to find a defendant guilty of willful disobedience to a court order, in the absence of the defendant actually having read the order or having had it read to him, you *Supp. 928 must find that the defendant had a reasonable amount of time or opportunity in which to gain actual knowledge of the contents of the order.
“You are further instructed that in order to find a defendant guilty of willful disobedience to a court order, you must find that the defendant purposely refused to obey a court order after having knowledge of the order’s contents.”
Prom our discussion on this subject in People v. Poe, post, p. 928 [47 Cal.Rptr. 670] (Case D), it is clear that the defendants suffered no prejudice from this view of the law. It is more favorable to the defendants than it need have been.
Judgment as to defendant Brindley reversed; and judgment as to defendant Cawley reversed as to Count II; affirmed as to Counts I and III.
The foregoing opinion was reaffirmed on rehearing, see People v. Von Blum, post, pp. 943, 945 [47 Cal.Rptr. 679],