TRUMAN E. SCOTT, Petitioner, *v.* THE JUSTICE'S COURT OF TAHOE TOWNSHIP, and MAX L. JONES, Acting Justice of the Peace of Said Township, Respondents.

No. 5316

January 3, 1968 435 P.2d 747

*Springer & Newton,* of Reno, for Petitioner.

*John Chrislaw,* District Attorney, Douglas County, for Respondents.

10

## OPINION

By the Court, COLLINS, J.:

Petitioner seeks a writ of prohibition against respondents. The main issue concerns the Nevada trespass statute NRS 207.200. Subordinate issues involve the filing of an amended criminal complaint. We conclude that the respondents did have jurisdiction to proceed and deny the writ.

Petitioner (defendant below) Truman Scott was arrested January 26, 1966 at Harvey's Wagon Wheel, Stateline, Nevada, by a Douglas County deputy sheriff on a charge of disturbing the peace. The original complaint stated that he "wilfully and unlawfully disturbed the peace and quiet by using loud language and refusing to leave Harvey's Resort Hotel when asked to do so. * * *" On November 18, 1966 a demurrer to the complaint was argued in the justice court in Tahoe township. Counsel for the parties then stipulated "that defendant's demurrer to the complaint be granted subject to the district attorney being permitted to file an amended complaint within 30 days of the date of this stipulation." On December 12, 1966 an amended complaint was filed by J. Clark Hill, an

employee of Harvey's Wagon Wheel, charging petitioner with two offenses, disturbing the peace and "wilfully and unlawfully remaining on the premises of Harvey's Resort Hotel and Casino after having been requested to leave the same by employees of the [hotel] on behalf of the owner."

A jury trial was held on February 23, 1967. The record indicates evidence was offered showing that petitioner had been permanently barred from the premises of Harvey's Wagon Wheel because of prior acts of misconduct. The record does not indicate the nature of the prior misconduct. On the occasion of this arrest he was informed that he was not welcome and was asked to leave. The jury acquitted him of the charge of disturbing the peace but found him guilty of failing to leave the premises when requested to do so.

The issue here involves a construction of NRS 207.200. That statute makes it a misdemeanor to "willfully go or remain upon any land after having been warned by the owner * * * not to trespass thereon * * *." We believe the complaint in this case charges a crime under that statute, that respondent court and judge had jurisdiction to try petitioner and upon a determination of his guilt to punish him as permitted by law.

The words "any land" have been construed in People v. Brown, 47 Cal.Rptr. 662 (1965), under a similar California statute. The court there stated: "We conclude that the clear intention of the Legislature was to give to the term 'any lands' its normal and generally accepted meaning, and to include within the phrase everything normally considered to fall within the scope of its general definition." The court then went on to quote Black's Law Dictionary, stating that "Land includes not only the soil, but everything attached to it, whether attached by the course of nature * * * or by the hand of man * * *." See also People v. Lawson, 238 N.Y.S.2d 839 (1963). "The term 'premises' is used in common parlance to signify land, with its appurtenances * * *." Black, Law Dictionary 1344, 4th ed. 1951. Thus it is apparent that the word "premises" used in the complaint can be correlated with the word "land" used in the statute.

The complaint and the statute both use the word "willfully," and where, as here, Scott was charged with willfully remaining on the premises, the statute is satisfied.

The statute separates the words "go" and "remain upon" with the disjunctive conjunction "or." A fair construction of

the statute is that either act may be punishable. Thus the complaint's charge of "remaining" is within the statute. See State v. Carriker, 214 N.E.2d 809 (Ohio App. 1964); People v. Brown, supra, for the importance of the linking conjunction.

Next we must compare the words "after having been requested to leave" in the complaint with the statutory wording "after having been warned not to trespass." We are dealing in this case with premises to which the public was invited, thus a revocation of the general invitation would seem necessary before one could be considered a trespasser. Cases have held that such an invitation may be revoked for good cause and the violator prosecuted. In People v. Goduto, 174 N.E.2d 385 (Ill. 1961), a union organizer who was peacefully distributing leaflets in a Sears, Roebuck and Company parking lot was convicted of trespass after having been requested to leave three times. Also in State v. Carriker, supra, the court said that the lawfulness of the original entry onto the premises of the business was immaterial after the defendant had been asked to leave.

The complaint here charges that Scott was asked to leave "on behalf of the owner," whereas the statute requires the trespasser to have been "warned by the owner." The words contained in the complaint can be construed to be authorized by a reasonable construction of the statute. We say, therefore, that the court and justice of the peace had jurisdiction to try petitioner on the complaint before it and could find him guilty of a misdemeanor trespass as defined in NRS 207.200.

Subordinately petitioner contends that the amended complaint could not contain a second offense charging trespass. We see no merit to that contention, especially where the state was given express authority to amend. There being no showing that the statute of limitations had run or that jeopardy had attached, either a new charge could be laid or the old complaint amended to include whatever charges were properly joinable under the circumstances.

Petitioner next complains that the amended complaint had to be filed within one day under NRS 185.120.[1] Petitioner's

---

[1]NRS 185.120 reads: "If the demurrer is sustained, a new complaint must be filed within such time, not exceeding one day, as the justice may name. If a new complaint is not filed, the defendant must be discharged."

counsel, however, stipulated that the district attorney could be permitted to file the amended complaint within 30 days. While we apparently have not considered the effect of stipulations in criminal cases, we have held in civil cases that it would be error for the trial judge not to honor the stipulation of the parties waiving a rule of evidence (the deadman's statute). Garaventa v. Gardella, 63 Nev. 304, 169 P.2d 540 (1946). Furthermore, the stipulation can be construed as a conditional dismissal which did not become final until the expiration of 30 days, at which time the time limit of NRS 185.120 would apply. Seawell v. Cohn, 2 Nev. 308 (1866).

Finally, petitioner complains that the amended complaint had to be filed by the district attorney himself in order to be valid. We see no jurisdictional merit to that contention, either under the stipulation or the general law, as any person having personal knowledge of the commission of a crime may file a complaint with the proper magistrate. NRS 185.030.

Accordingly, the issuance of the writ is denied and the petition is dismissed.

ZENOFF, BATJER, and MOWBRAY, JJ., concur.

THOMPSON, C. J., dissenting:

Truman Scott seeks a writ of prohibition to preclude the pronouncement of judgment and imposition of sentence upon a jury verdict finding him guilty of criminal trespass as defined by NRS 207.200. His petition rests upon the premise that the justice of the peace is without jurisdiction to pronounce judgment and impose sentence since the cited statute does not embrace the circumstances of this case. This contention is sound.

NRS 207.200 provides:

"1. Every person who shall go upon the land of another with intent to vex or annoy the owner or occupant thereof, or to commit any unlawful act, or shall willfully go or remain upon any land after having been warned by the owner or occupant thereof not to trespass thereon, shall be guilty of a misdemeanor.

2. Every owner or other occupant of any land shall be deemed to have given a sufficient warning against trespassing, within the meaning of this section, who shall post in a conspicuous manner on each side thereof, upon or near the boundary, at intervals of not more than 700 feet, signs, legibly printed or painted in the English language, warning persons not to trespass.

3. An entryman on land under the laws of the United States shall be an owner within the meaning of this section."

The three subsections must be read in order to ascertain the evil sought to be corrected by the enactment. Indeed, subsections 2 and 3 are expressly tied to subsection 1 by the language "within the meaning of this section." Thus, the entire section, i.e., NRS 207.200(1) (2) and (3), must be considered for one to discern legislative intent.

The apparent aim of the entire section is to protect landowners (such as agricultural and mining property owners), who are not in the business of inviting guests to their property in anticipation of financial gain, from trespassers. Subsection 2 of the statute gives the clue, for it allows "no trespass" warnings to be given by posting signs at intervals of not more than 700 feet upon or near the boundary on each side of the land to be protected against invasion. In my opinion this subsection reveals the legislative intention, and precludes application of any part of 207.200 to an invited hotel guest whose invitation to be present is subsequently withdrawn.

The fault of the majority opinion lies in its refusal to acknowledge the interplay of the three subsections. Indeed, only a part of the first subsection is quoted in that opinion. The balance of the section is ignored. The intermediate appellate court decisions cited by the majority [People v. Brown, 47 Cal.Rptr. 662 (Cal.App. 1965), and State v. Carriker, 214 N.E.2d 809 (1964)] do not concern criminal trespass statutes containing provisions similar to subsections 2 and 3 of NRS 207.200, and are inapposite. It is not useful to cite authority for the established principle that criminal statutes are to receive a strict construction. I respectfully suggest that the application of NRS 207.200 to the circumstances of this case violates that principle. I would grant prohibition.