[Cite as *State v. Haley*, 2014-Ohio-2515.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA0002 |
| THOMAS J. HALEY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal appeal from the Coshocton
                            Municipal Court, Case No. CRB1300771

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 9, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTIE M.L. THORNSLEY               JEFFREY MULLEN
760 Chestnut Street                   239 N. Fourth Street
Coshocton, OH 43812                   Coshocton, OH 43812

JAMES R. SKELTON
318 Chestnut Street
Coshocton, OH 43812

*Gwin, J.*

{¶1} Defendant-appellant Thomas J. Haley ["Haley"] appeals his conviction and sentence after a bench trial in the Municipal Court of Coshocton County on one count of criminal trespass in violation of R.C. 2911.21(A)(1).

*Facts and Procedural History*

{¶2} On November 14, 2013, Melanie Erman was in the dining room of her home. Upon turning around, she was startled to see Haley standing in her home. Ms. Erman testified that she did not hear Haley knock before entering her home; however if he had her dog would have barked. Ms. Erman testified Haley had been to her home before; however, he was never given permission to enter her home without knocking. When Ms. Erman asked Haley how he got in her house, Haley stated that he had entered through the back door. Ms. Erman stated that a four-foot privacy fence enclosed her back yard. Ms. Erman further stated that because of the privacy fence, people do not enter her home through the back door.

{¶3} Ms. Erman testified that Haley and her husband had been into an altercation approximately six months before this incident. The sheriff's office responded to the residence. No one was arrested, but both Ms. Erman's husband, James, and the Sheriff's deputy advised Haley he was no longer permitted at the Erman's home.

{¶4} In the case at bar, Ms. Erman told Haley to leave. Haley responded with a request to use the telephone. Ms. Erman consented. Haley made a telephone call and no one appeared to answer. When he hung up the phone, Ms. Erman repeated that Haley had to leave the home. Haley asked if he could use the telephone to call a cab. Ms. Erman allowed him to make this second telephone call but advised him he would

have to wait for the cab outside. Haley made the second telephone call and then left the residence. Shortly thereafter, Ms. Erman received a telephone call. The caller advised that the sheriff's office was looking for Haley.

**{¶5}** Ms. Erman did not call the Sheriff's Office or file a criminal complaint. Sheriff's deputies came to her home, interviewed her about the incident. Haley was then charged with criminal trespass.

*Assignment of Error*

**{¶6}** Haley raises one assignment of error,

**{¶7}** "I. THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

*Analysis*

**{¶8}** Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

**{¶9}** Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio

St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue, which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶10} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶11}** In the case at bar, Haley was found guilty of criminal trespass. To prove Haley guilty of criminal trespass in violation of R.C. 2911.21(A)(1), the state had to prove that Haley knowingly entered or remained on the land or premises of another without privilege to do so.

**{¶12}** R.C. 2901.22 defines "knowingly" as follows:

(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

**{¶13}** Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." (Footnotes omitted). *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695(1st Dist. 2001). Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel*, 2nd Dist. Montgomery No. 16221, 1998 WL 214606 (May 1, 1998) (citing *State v. Elliott*, 104 Ohio App.3d 812, 663 N.E.2d 412(10th Dist. 1995)).

{¶14} R.C. 2901.01(A)(12) defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."

{¶15} In the case at bar, Ms. Erman testified that Haley did not have permission to enter her home on the day in question. Under Ohio law, a trespasser is "one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience, and where no mutuality of interest exists between the owner or occupant." *Allstate Fire Ins. Co. v. Singler,* 14 Ohio St.2d 27, 236 N.E.2d 79, 81 (1968).

{¶16} She further testified that she asked him to leave multiple times during the encounter. Remaining upon the premises of another without legal authority after being notified to leave constitutes the offense of criminal trespass. *See, e.g., State v. Carriker,* 5 Ohio App.2d 255, 214 N.E.2d 809 (1964) (the law in Ohio is that a business invitee's privilege to remain on the premises of another may be revoked upon the reasonable notification to leave by the owner or his agents); *Allstate Ins. Co. v. U.S. Associates Realty, Inc.,* 11 Ohio App.3d 242, 464 N.E.2d 169 (1983) (notice of express restriction or limitation on invitation turns business invitee into trespasser). *CompuServe Inc. v. Cyber Promotions, Inc.*, 962 F.Supp. 1015, 1024, (S.D.Ohio 1997).

{¶17} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Haley committed the crime of criminal trespass. We hold, therefore, that the state met its burden of production regarding each element of the crime of criminal trespass and,

accordingly, there was sufficient evidence to submit the charge to the trial judge as the trier of fact and to support Haley's conviction.

{¶18} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶19} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶20} The trial judge as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999

WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

\* \* \*

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶21} In *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954), the Supreme Court further cautioned,

The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for

resolving disputed facts. The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false.* See *Rice v. City of Cleveland*, 114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added).

A fundamental premise of our criminal trial system is that "the [trier of fact] is the lie detector." *United States v. Barnard,* 490 F.2d 907, 912 (9th Cir. 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the "part of every case [that] belongs to the [trier of fact], who [is] presumed to be fitted for it by [his] natural intelligence and their practical knowledge of men and the ways of men." *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891).

*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267(1997).

**{¶22}** Haley's initial intrusion inside the home was not justified. No evidence was presented that Haley had a privilege to step inside Ms. Erman's home unannounced to use the telephone or otherwise. The fact that Ms Erman placated Haley by allowing him

to use the telephone or giving him a drink of water does not alter the fact that he was not privileged to enter the home in the first instance.

**{¶23}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge neither lost his way nor created a miscarriage of justice in convicting Granados of the charges.

**{¶24}** Based upon the foregoing and the entire record in this matter, we find Haley's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the judge appears to have fairly and impartially decided the matters before him. This is court will not disturb the trier of facts finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The judge heard the witnesses, evaluated the evidence, and was convinced of Haley's' guilt.

**{¶25}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of criminal trespass beyond a reasonable doubt.

**{¶26}** Haley's sole assignment of error is overruled.

{¶27} For the foregoing reasons, the judgment of the Municipal Court of Coshocton County, Ohio, is affirmed.

By Gwin, J.,

Hoffman, .J., and

Baldwin, J., concur