NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD HOCH, DBA South Point Hotel and Casino, Added SAC #32,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>GAUGHAN SOUTH, LLC, doing business as South Point Hotel and Casino; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOHN MONJE, Added SAC #32; ANGEL LOPEZ, Added SAC #32; VINCENT MIOZZA, Added SAC #32; JORDAN ETZIG, Added SAC #32; A. PAVLOV,<br><br>　　　　Defendants - Appellees. | No. 25-1848<br><br>D.C. No.<br>2:23-cv-00066-GMN-BNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted May 19, 2026[**]
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Todd Hoch ("Hoch") was seized for trespassing when he refused to leave the South Point Casino ("Casino") after refusing to wear his face mask in compliance with Nevada's statewide mask mandate. Hoch then sued Gaughan South LLC d/b/a South Point Hotel and Casino ("South Point"), Las Vegas Metropolitan Police Department ("LVMPD"), and Las Vegas Metropolitan Police Officer Alexandr Pavlov ("Pavlov") (collectively "Defendants"). The district court granted summary judgment for Defendants as to all of Hoch's causes of action because South Point personnel and Pavlov had legal authority to detain Hoch. Hoch timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment de novo. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In considering a motion for summary judgment, where, as here, the nonmoving party offers a version of events that "no reasonable jury could believe" because it is contradicted by a videotape, courts should "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). We affirm.

1. The district court correctly granted summary judgment to South Point on Hoch's § 1983 claim because South Point personnel had probable cause to arrest Hoch for trespassing under Nevada's trespass statute NRS 207.200. Because South Point does not contest that its personnel acted under color of state law when they

seized Hoch for trespassing, the sole question is whether South Point violated Hoch's Fourth Amendment rights. *See Chudacoff v. U. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). The Fourth Amendment bars only searches and seizures that are unreasonable. *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989). "In order to satisfy the requirements of the Fourth Amendment, an arrest must be supported by probable cause to believe that the arrestee has committed a crime." *Allen v. City of Portland*, 73 F.3d 232, 236 (9th Cir. 1995).

Here, Hoch's own declaration in support of his motion for partial summary judgment states that he "got up to leave" after South Point personnel "informed [him] that they did not want [him] in the casino anymore that day." This constitutes a "sufficient warning" under NRS 207.200(2)(e). *See Scott v. Justice's Ct. of Tahoe Twp.*, 435 P.2d 747, 749 (Nev. 1968). Although Hoch asserts that South Point personnel lacked probable cause because he "was in the process of leaving," he admits that he ignored their orders to exit the building out the closest exit. Further, security camera footage shows Hoch frequently stopping to engage verbally with the security officers following him. It was only after Hoch stepped back towards security officer Angel Lopez, after Lopez had pushed Hoch away, that South Point personnel handcuffed Hoch. Thus, South Point personnel had probable cause to arrest Hoch for trespassing. *See* NRS 207.200(1)(b) (providing that a trespass occurs when one "willfully . . . remains upon any land or in any building" after receiving a

warning).

2. South Point personnel had legal justification to detain Hoch for trespassing because, as the district court determined, Hoch trespassed at the Casino and was guilty of a public offense. *See* NRS 171.126(1); 206.140(2). Because Hoch cannot establish the falsity of his arrest, the district court correctly dismissed Hoch's false imprisonment and defamation claims against South Point.[1] *Marschall v. City of Carson*, 464 P.2d 494, 497 (Nev. 1970) (stating that false arrest "is an integral part" of a claim of false imprisonment); *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005) (holding that "[a] defamation claim requires demonstrating . . . a false and defamatory statement of fact by the defendant concerning the plaintiff").

3. The district court correctly determined that Pavlov's seizure of Hoch did not violate Hoch's Fourth Amendment rights and therefore correctly granted LVMPD's motion for summary judgment.[2] Brief investigatory stops are permitted when the officer has a reasonable articulable suspicion of criminal activity. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002). To determine whether an officer's seizure and search were unreasonable, a court considers "whether the

---

[1] Hoch failed to address in his opening brief his claims that South Point personnel's seizure of him equated to an intentional infliction of emotional distress or negligence. Therefore, Hoch has forfeited these claims. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended).

[2] LVMPD's motion for summary judgment was filed on behalf of LVMPD and Pavlov collectively.

officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 19–20 (1968). The officer's "investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Florida v. Royer*, 460 U.S. 491, 500 (1983).

Contrary to LVMPD's argument, Pavlov did seize Hoch. Although Pavlov removed Hoch's handcuffs, a reasonable person would not feel "free to leave" because Pavlov told Hoch that he was going to give him a misdemeanor warning citation. *See California v. Hodari D.*, 499 U.S. 621, 627–28 (1991). But, Pavlov had reasonable suspicion to conduct an investigative detention of Hoch as Pavlov responded to a call from South Point that Hoch had trespassed on its property and Pavlov determined that Hoch was "aggressive" and was "aggressive with [Pavlov]" when he spoke with Hoch. Pavlov's body-worn camera shows Hoch speaking over Pavlov and yelling profanities at South Point personnel. As for his investigation, Pavlov affirmed that he initially kept Hoch's handcuffs on because he "wanted to make sure that everything was good." To that end, Pavlov spoke with South Point personnel and Hoch, and Pavlov affirmed that Hoch would not be a danger if his handcuffs were removed. The whole encounter lasted less than twenty minutes. Because Hoch had legal authority to detain Hoch, the district court correctly

dismissed Hoch's state law claim of false imprisonment.[3]

4. The district court correctly granted LVMPD's motion for summary judgment as to Hoch's claim that LVMPD was liable under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because Pavlov did not violate Hoch's Fourth Amendment rights. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (holding that a department's regulations might have authorized an unconstitutional practice "is quite beside the point" "[i]f a person has suffered no constitutional injury").

**AFFIRMED.**

---

[3] Hoch failed to address in his opening brief his claim that Pavlov's seizure of him equated to an intentional infliction of emotional distress. Therefore, Hoch has forfeited this claim. *See Hernandez*, 47 F.4th at 916.